## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| INN FOODS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cause No. 6:06-cv-169 |
| | § | |
| HARRY MANOHAR MIDA, | § | |
| SUNRISE DISTRIBUTION SERVICES, | § | |
| INC., and GOODMAN FACTORS, LTD | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Goodman Factors, Ltd.'s Motion for Summary Judgment (Doc.

No. 56). Upon due consideration of the pleadings, responsive filings, and the governing law, the Court DENIES

Defendant's motion.

## PACA

This case arises under the Perishable Agricultural Commodities Act ("PACA"). Under PACA, when a

"merchant" accepts commodities from a seller, a trust is created for the benefit of the unpaid seller. *See* 7 U.S.C.

§ 499e(c)(2) (2000). The trust comprises all commodities received and accepted but not yet paid for, products

derived from those commodities, and any receivables or proceeds due from the sale of those commodities

(collectively "PACA Trust Assets"). *See Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable*, 336 F.3d 410,

413 (5th Cir. 2003); 7 U.S.C. § 499e(c)(3). The trust is governed by general principles of trust law. *Reaves*,

336 F.3d at 413. Accordingly, if the merchant does not promptly pay the seller for the accepted commodities,

the merchant must preserve the trust assets for the benefit of the unpaid seller. *Id.*

Page 1 of 5

## Background

Inn Foods is engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities under PACA.  Inn Foods sold agricultural commodities to Brooks Distribution Co. ("Brooks"), a merchant operating subject to the PACA provisions.  After accepting the commodities, Brooks failed to pay Inn Foods.

As alleged by Inn Foods, Brooks, instead of preserving the PACA Trust Assets for the benefit of Inn Foods as required by PACA, Brooks transferred PACA Trust Assets to Sunrise Distribution Services, Inc. ("Sunrise") in breach of the PACA trust.  Later, Sunrise entered into a financing agreement with Goodman Factors, Ltd. ("Goodman"), whereby Goodman loaned funds to Sunrise.  Sunrise then used PACA Trust Assets to repay the loan.  As a result, Inn Foods brought suit to disgorge all PACA Trust Assets from Goodman.

## Summary Judgment Standard

Summary judgment is appropriate when the pleadings and record evidence show that no genuine issue of material fact exists.  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). A motion for summary judgment should be granted if no genuine issue as to any material fact exists and the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986); *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

Under Rule 56, the party moving for summary judgment must "demonstrate the absence of a genuine issue of material fact."  *Little*, 37 F.3d at 1075 (quoting *Celotex*, 477 U.S. at 323).  Even when the nonmovant bears the burden of proof at trial, "[s]imply filing a summary judgment motion does not immediately compel the party opposing the motion to come forward with evidence demonstrating material issues of fact as to every element of its case."  *Russ v. Int'l Paper Co.*, 943 F.2d 589, 591 (5th Cir. 1991).  The movant always bears the burden

of "informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact." *Id.* (quoting *Celotex*, 477 U.S. at 323). The movant "must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden." *Ballard v. Burton*, 444 F.3d 391, 396 (5th Cir. 2006).

It is not enough for the moving party to merely make a conclusory statement that the other party has no evidence to prove its case. *See Celotex*, 477 U.S. at 328 (White, J., concurring) ("But the movant must discharge the burden the Rules place upon him: It is not enough to move for summary judgment without supporting the motion in any way or with a conclusory assertion that the plaintiff has no evidence to prove his case."); *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 440 (5th Cir. 2005) (recognizing that when a defending party moves for summary judgment, it may not rely on a conclusory statement that the other party has no evidence); *Ashe v. Corley*, 992 F.2d 540, 544 (5th Cir. 1993); *Castaneda v. Flores*, No. 5:05-CV-129, 2007 WL 1671742, at *1-2 (S.D. Tex. Jun. 8, 2007) (slip op.); David Hittner & Lynne Liberato, *Summary Judgments in Texas*, 47 S. Tex. L. Rev. 409, 539-40 (2006). Instead, the movant must point to evidence in the record that demonstrates that there is no genuine issue of material fact. *Seastrunk v. Darwell Integrated Tech.*, No. 3:05-CV-0531, 2008 WL 190316, at *2-3 (N.D. Tex. Jan. 22, 2008) (slip op.) ("The moving party, while not needing to produce evidence, must at least identify portions of the record that demonstrate an absence of evidence. It is not sufficient to merely list the elements of the claim and state that there is no evidence to support the elements."); *see* Martin B. Louis, *Federal Summary Judgment Doctrine: A Critical Analysis*, 83

YALE L.J. 745, 749-750 (1974); *see, e.g.*, *Stults v. Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir. 1996); *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1192-93, 1195 (5th Cir. 1986).

If the moving party fails to meet this initial burden, the motion must be denied regardless of the nonmovant's response. *Little*, 37 F.3d at 1075. If the movant meets the burden, however, Rule 56 requires the opposing party to go beyond the pleadings and show by affidavits, depositions, answers to interrogatories, admissions on file, or other admissible evidence that specific facts exist over which there is a genuine issue for trial. *EEOC v. Tex. Instruments, Inc.*, 100 F.3d 1173, 1180 (5th Cir. 1996); *Wallace v. Tex. Tech. Univ.*, 80 F.3d 1042, 1046–47 (5th Cir. 1996).

## Analysis

In support of its motion for summary judgment, Goodman stated that there is no evidence that Sunrise received PACA Trust Assets from Brooks and that Goodman received payments of PACA Trust Assets from Sunrise.[1]  Goodman did not attach any evidence or point to any evidence in the record to support its motion.

Although the federal summary judgment standard does not require the movant to produce additional evidence negating the nonmovant's evidence, the movant nevertheless "bears the initial responsibility of informing the district court of the basis for its motion, and *identifying those portions of the [record]* which it believes

---

[1] "24. Inn Foods has provided no evidence that a transfer of PACA Trust Assets or assets of Brooks Distribution was made to Sunrise [sic]. . . . 27. Inn Foods has provided no evidence that a transfer of any assets of Brooks Distribution was made to Sunrise [sic]. . . . 30.  Once again Inn Foods has provided no evidence that a transfer of any assets of Brooks Distribution was made to Sunrise [sic]. . . . 32. There is no evidence that Sunrise [sic] received assets from Brooks Distribution, or that Goodman made a loan or received payments, or that the payments were made from proceeds of the sale of fresh fruits and vegetables. . . . 35.  Goodman's burden has been met by pointing out the absence of evidence to support Inn Foods' case and Inn Foods' can only survive summary judgment by submitting or identifying in the record admissible evidence to show the existence of a genuine issue of material fact as to each element of the causes of action plead and through which it seeks to hold Goodman liable.  *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003)." Def.'s Mot. Summ. J. (Doc. No. 56).

demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (emphasis added).  "A mere conclusory statement that the other side has no evidence is not enough to satisfy a movant's burden." *Ashe v. Corley*, 992 F.2d 540, 544 (5th Cir. 1993).  Because Goodman failed to identify those portions of the record which demonstrate the absence of a genuine issue of material fact, Goodman has failed to meet its summary judgment burden.  Accordingly, Goodman's motion for summary judgment must be denied.

## Conclusion

In conclusion, the Court DENIES Defendant Goodman Factors, Ltd.'s motion for summary judgment because Defendant failed to meet its summary judgment burden.  Accordingly, Defendant's motion is DENIED.

**It is SO ORDERED.**

**SIGNED this 15th day of May, 2008.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE